57 F.3d 1076
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Carol BALZER, Plaintiff-Appellant,
v.
COUNTY OF KERN, Defendant-Appellee.
 No. 93-17157.
 United States Court of Appeals, Ninth Circuit.
 June 7, 1995.
 
 Before CUMMINGS,* SCHROEDER and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Plaintiff Carol Balzer is the sole proprietor of Balzer Enterprises which fabricates, welds and paints metal objects. Ms. Balzer brought the present action under 28 U.S.C. Sec. 1983 alleging numerous violations of her constitutional and state law rights by various members of the Kern County Fire department, District Attorney's Office and Board of Supervisors stemming from their attempts to bring Balzer Enterprises into compliance with the local fire code. In two separate orders, the district court granted summary judgment for defendants on all counts. Plaintiff appeals the decision as to five of those counts, but finding the district court's detailed and thorough treatment correct on all essential points, we affirm.
 
 Discussion
 1. Permit requirement
 
 3
 The district court granted summary judgment against plaintiff on her pendant state law claim seeking a declaration that the local ordinance adopting the Uniform Fire Code deleted UFC Sec. 4.108's permit requirement for spray painting. Even if this assertion is true, any resulting error is harmless. Article 45 remains intact. Section 45.202, the provision Stan Balzer was convicted of violating, states: "In other occupancies, all spraying operations performed inside of a building shall be conducted in an approved spray booth, spraying area or spraying room required for such use." The issuance of permits by the fire department to approved spraying operations is a reasonable and appropriate means to implement 45.202's prior approval requirement.
 
 2. Abuse of process
 
 4
 Plaintiff makes three constitutional claims based on abuse of process. The elements of a claim for abuse of process under California law are:
 
 
 5
 1. Defendant used a legal process in a wrongful manner, not proper in the regular conduct of a proceeding, to accomplish a purpose for which it was not designed;
 
 
 6
 2. Defendant acted with an ulterior motive;
 
 
 7
 3. A willful act or threat was committed by defendant not authorized by the process and not proper in the regular conduct of the proceeding;
 
 
 8
 4. The plaintiff suffered damage, loss or harm; and
 
 
 9
 5. Such damage, loss or harm was the legal result of such use of legal process.
 
 
 10
 Spellens v. Spellens, 49 Cal.2d 210, 232 (1957). An abuse of process constitutes a substantive due process violation if it " 'offend[s] those canons of decency and fairness which express the notions of justice of English speaking peoples even toward those charged with the most heinous offenses.' " Johnson v. Barker, 799 F.2d 1396, 1400 (9th Cir.1986), quoting Rochin v. California, 342 U.S. 165, 169 (1952). "[M]alicious prosecution [and presumably abuse of process] does not ordinarily constitute a valid procedural due process claim if process is available within the state judicial system to remedy such wrongs." Johnson, 799 F.2d at 1400. The district court properly dismissed plaintiff's abuse of process claims for their inadequacies under state law without addressing these additional constitutional requirements.
 
 
 11
 A. Citation of Stan Balzer without prior notice
 
 
 12
 Plaintiff claims that the citation of her husband without prior notice was an abuse of process which violated her constitutional rights. Plaintiff has no standing to assert this claim and fails as well on the merits. Stan Balzer had actual notice of the violation: in such a case the failure to follow a formal notice requirement, assuming one existed, is not a "wrongful" use of process in the state law sense, much less a violation of the constitutional rights of the victim's wife.
 
 B. Compliance conditions
 
 13
 In October 1990, the fire department sent plaintiff a letter with twelve compliance conditions for the issuance of a permit to spray paint in her building. Most of these conditions came from the UFC and the Kern County fire chief's experience and concern that plaintiff's spray painting operation "would result in quantities of flammable vapors or combustible residues, dust or deposits being present that might ignite if exposed to an ignition source." Plaintiff eventually complied with these conditions, passed an inspection, and received a permit.
 
 
 14
 Plaintiff's allegations that defendants had sinister motives in imposing these conditions do not give rise to a disputed issue of material fact either as to the appropriateness of these conditions or the good faith in which they were imposed. One example should suffice. Plaintiff claims that, alone of all the businesses in Kern County, hers is required to use water-based paint--not a requirement of the fire code. Plaintiff, however, is the source of that requirement. Ms. Balzer has insisted from her company's first communication with the fire department that her company uses only water-based paint, which has a higher flash point than petroleum-based paint. The fire department allowed Balzer to operate with a spray area, the least restrictive of UFC Sec. 45.202's options, based on Balzer's continued use of this high flash-point paint. Plaintiff's other attacks on the list are similarly groundless and disingenuous.
 
 C. Modification of Stan Balzer's probation
 
 15
 After Stan Balzer was released on probation he refused entry to fire inspectors who believed that Balzer was again spraying in violation of the fire code. At the behest of the district attorney, the state court judge altered the terms of Balzer's probation to allow inspection of his work place based on probable cause that he was spraying in violation of the fire code and the conditions of his probation.
 
 
 16
 Plaintiff claims that the fire department abused the process of probation modification to impose excessive regulatory conditions on her business. Plaintiff again lacks standing to assert claims based on alleged violations of her husband's rights and this argument also fails on the merits. Plaintiff claims, without evidentiary support, that Stan Balzer did not refuse entry to fire officials. Plaintiff further contends that the fire department was required to get an "inspection warrant" and improperly avoided this requirement through the probation alteration. UFC Sec. 2.107, however, authorizes the fire department to secure entry using "every remedy provided by law"--this certainly includes alteration of Stan Balzer's probation. Moreover, as the district court noted, there was nothing improper about the fire department attempting to assure that Stan Balzer did not continue to commit, at the same location, the offense for which he was already on probation.
 
 
 17
 3. Conspiracy to contrive permit requirements
 
 
 18
 Plaintiff alleges a conspiracy to contrive permit requirements in order to retaliate against plaintiff for accusing fire department employees of perjury. "A civil conspiracy is a combination of two or more persons who, by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another which results in damage." Vieux v. East Bay Regional Park District, 906 F.2d 1330, 1343 (9th Cir.), cert. denied, 111 S.Ct. 430 (1990). Plaintiff has presented no evidence of an illegal objective on the part of the fire department or any other defendant. Correspondence in the record establishes only that the fire department was concerned about Balzer's unapproved spraying operation and was attempting to bring it into compliance with Sec. 45.202 of the UFC.
 
 4. Selective or discriminatory enforcement
 
 19
 Plaintiff's final contention on appeal is that the district court improperly granted summary judgment to defendants on plaintiff's 17th cause of action alleging discriminatory enforcement. To succeed on her claim plaintiff must prove: (1) she is similarly situated to other business; (2) defendants discriminated against her; (3) the discrimination was deliberately based on an unjustifiable standard such as race, religion or other arbitrary classification. Snowden v. Hughes, 321 U.S. 1 (1944); U.S. v. Wilson, 639 F.2d 500, 504 (9th Cir.1981). "The conscious exercise of some selectivity in enforcement is not, in itself, a federal constitutional violation." Oyler v. Bowles, 368 U.S. 448, 456 (1962).
 
 
 20
 The district court found that Balzer was similarly situated to only one other business in Kern County, another aerospace fabricator named Aerotest, and that Aerotest was subjected to more rigorous safety standards than was Balzer. The court further found that even if plaintiff was similarly situated to all other businesses which spray paint, plaintiff still failed to establish discrimination. Defendants produced spray booth permits and records of compliance lists for other business. Though plaintiff's counsel mentioned gender for the first time at oral argument without actually alleging that it was a basis for discrimination, plaintiff's failure to produce any evidence of discriminatory intent alone is fatal to her claim.
 
 
 21
 Judgment is AFFIRMED.
 
 
 
 *
 Honorable Walter J. Cummings, United States Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3